# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Stephen Durr (R-27050), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 50015 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| County of Cook, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's motion for an extension of time to pay the Court's filing fee [5] is denied. This case is dismissed for Plaintiff's failure to pay the filing fee in accordance with the Court's prior order. Case terminated. Having brought this action, Plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Also, he must pay all outstanding fees before pursuing any future litigation in this Court. *Id.*

## STATEMENT

By order dated April 6, 2017, the Court denied Plaintiff's application for leave to proceed *in forma pauperis* because he has accumulated three dismissals under 28 U.S.C. § 1915(g). The Court ordered Plaintiff to pay the $400 filing fee and warned him that his failure to comply with the Court's order by April 21, 2017, would result in summary dismissal of this case.

Before the Court is Plaintiff's motion for additional time to pay the filing fee. He explains that he currently does not have the funds to pay but anticipates that he will have sufficient funds in June. Plaintiff's belief of his ability to pay in June rests on two assumptions: (1) that he will be released from prison in May after a pending habeas corpus action is resolved in his favor; and (2) that his social security payments will be reinstated by June 5, 2017. Plaintiff has raised these same arguments in the past and nevertheless remains incarcerated without the ability to pay the filing fee. *See* Dkt. No. 7, *Durr v. United States Postal Service*, No. 16 C 11028 (N.D. Ill.) (Norgle, J.).

Plaintiff's motion for an extension of time is denied. Plaintiff concedes that he does not have the funds to pay the Court's filing fee at this time and his reasons for believing he will be able to pay in June are speculative at best. This case therefore is dismissed for Plaintiff's failure to pay the Court's filing fee. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee, *see* 28 U.S.C. § 1915(b)(1), and must do so before pursuing any future litigation.

Plaintiff's conduct in initiating lawsuits without the ability to pay the filing fee or to proceed *in forma pauperis* is not permitted. Payment of the Court's filing fee or a "proper grant of *forma pauperis* status" is required at the time a prisoner brings a civil action or appeal. *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *see also* Local Rule 3.3 (providing that "[a]ny document submitted for filing for which a filing fee is required must be accompanied either by the appropriate fee or an IFP petition"). To date, Plaintiff has amassed $2,855.00 in unpaid filing fees. Plaintiff may not proceed with any new litigation until he has paid all outstanding filing fees. *See Sloan*, 181 F.3d at 859 (explaining that "unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation"). Should Plaintiff persist in his current course of conduct, the Court will recommend to the Executive Committee that he be barred from any future filings.

Date: April 28, 2017